IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    Plaintiff,

    v.                                      CASE NO. 24-3036-JWL

UNIFIED GOVERNMENT
OF JOHNSON COUNTY, et al.,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on seven motions or "notices" filed by Plaintiff. All but one were filed after the Court ordered the preparation of a *Martinez* Report by the officials in charge of the Johnson County Adult Detention Center ("JCADC").

**1. Motion to Supplement Complaint (titled "Notice") (Doc. 6)**

Plaintiff seeks to add exhibits to the Complaint (Doc. 1). Plaintiff has written notes of explanation and rebuttal on the exhibits. The motion is granted.

**2. Motion to Supplement Complaint and Amend Defendant (titled "Notice") (Doc. 8)**

Plaintiff seeks to add another exhibit to the Complaint. He also asks to change Defendant "Health Provider, JCADC" to "Vital Core." The motion is granted.

**3. Motion to Reconsider (Doc. 10)**

Plaintiff asks the Court to reconsider its denial of partial summary judgment and immediate relief. He states that he is "medically stranded"; if he leaves JCADC, his injuries will not get treated because he has no health insurance, but his injuries are also not being treated at JCADC. Plaintiff acknowledges that he received physical therapy via video for two to three months, but he

1

asserts that he needs in-person physical therapy. He requests immediate relief and partial summary judgment of $50,000.

The motion is denied as premature. Plaintiff has no right to judgment at this time. The Complaint has not yet even survived screening.

Plaintiff also alleges that his First Amendment right to grieve his treatment has been silenced. However, there is no such constitutional right. *Sims v. Miller*, 5 F. App'x 825, 828 (10th Cir. 2001)); *see also Walker v. Mich. Dept. of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005) (unpublished) (collecting cases). The First Amendment provides him with a right of access to the courts, which he is exercising.

### 4. Motion to Amend Complaint (Doc. 12)

Plaintiff seeks to consolidate his three pending lawsuits (Case Nos. 24-3036, 24-3044, and 24-3046) under Fed. R. Civ. P. 18 and 20. His request is denied at this time. Each lawsuit is proceeding separately, with *Martinez* Reports ordered in each. Once the reports have been filed and the Court determines which, if any, claims survive screening, the Court may order the consolidation of Plaintiff's claims at that point. The motion is therefore denied without prejudice.

### 5. Motion for Coercive Injunction and Remedial Sanction (Doc. 13)

Plaintiff alleges that Sergeant Lento, who is not a named defendant, is interfering with his requests for information and provides false information. Plaintiff states that he realized that the persons investigating and preparing the *Martinez* Report are the persons he is suing. He believes this is not fair and that they will not conduct an unbiased investigation. He states that he needs to be updated on the progress of the investigation and the actions being taken so he can add detailed information to assist those doing the investigation.

Plaintiff requests that the Court order the JCADC to update him on May 1, 2024, about the progress of the investigation.  He further asks the Court to impose a $10,000 sanction on the JCADC if they fail to meet the deadline, and he seeks the imposition of personal sanctions on Sergeant Lento.

The motion is denied.  The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims."  *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  "Prisoner *pro se* civil rights complaints concerning their imprisonment cannot always receive the same presumption of merit that attends cases filed by attorneys subject to . . . sanctions."  *Id.*  "District courts order *Martinez* reports to aid in identifying and clarifying the issues pro se plaintiffs raise in their complaints, to assist in the court's broad reading of pro se litigants' pleadings, and to supplement plaintiffs' descriptions of the practices they contend are unconstitutional."  *Jennings v. Yates*, 792 F. App'x 606, 609 (10th Cir. 2019).

Plaintiff is not entitled to participate in the investigation and preparation of the report.  He has presented his version of events in the Complaint.  In addition, he will be given an opportunity to respond to the report if the Court is considering dismissal of any claims after screening.  Then, if the case proceeds, Plaintiff will have a chance to obtain additional information from the defendants through the formal discovery process.

**6.   Emergency Motion to Seal and Preserve Electronically Recorded Data (Doc. 14)**

Plaintiff alleges that the JCADC administration has started "scrubbing" his requests and grievances so it looks like he has not exhausted his administrative remedies.  He states that he has received 200 pages of documents from the Sheriff's Office, and none of his grievances are included.

Each party to a lawsuit has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation. *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007). The duty is triggered by the filing of a lawsuit or when the party has notice that litigation is likely. *Id*. The destruction or loss of evidence can result in sanctions. *Id*. at 620-21. Therefore, an order directing a party to preserve relevant evidence is not necessary, especially where there is no evidence that spoilation has occurred. Here, Plaintiff thinks potential evidence may have been lost, but he has no proof supporting that belief. The motion is denied.

### 7. Motion for Rule #18 Joinder of Claims (Doc. 18)

Despite the title of the motion, Plaintiff asks to amend the Complaint to include additional counts, which he describes in the motion.

Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days after serving the pleading. Fed. R. Civ. P. 15(a)(1)(A). The Complaint has not been served in this matter, so Plaintiff may file an amended complaint. However, to amend either as a matter of course or with leave of the Court, Plaintiff must file a complete amended complaint on the Court-approved forms. An amended complaint is *not simply an addendum to the original complaint* and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Consequently, to the extent Plaintiff seeks to amend his Complaint by motion rather than by filing a complete amended complaint, the motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Supplement Complaint (Doc. 6) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Complaint and Amend Defendant (Doc. 8) is **granted**.  The Clerk is directed to change Defendant "Health Provider, JCADC" to "Vital Core."

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider (Doc. 10) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 12) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Coercive Injunction and Remedial Sanction (Doc. 13) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion to Seal and Preserve Electronically Recorded Data (Doc. 14) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Rule #18 Joinder of Claims (Doc. 18) is **denied**.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

**DATED:  This 7th day of May, 2024, at Kansas City, Kansas.**

                                      **S/   John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**