UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    Plaintiff,

v.

JOHNSON COUNTY BOARD OF COUNTY COMMISSIONERS, et al.

    Defendants.

Case No. 24-3036-EFM-GEB

## ORDER

This matter comes before the Court on six motions: 1) Motion to Request Mental and Physical Examination **(ECF No. 59)**; 2) Motion for Court Appointed Expert/Motion for Funds for Professional Experts **(ECF No. 60)**; 3) Motion for Initial Case Management **(ECF No. 61)**; 4) Motion to Expedite Discovery **(ECF No. 62)**; 5) Motion for Disposition (sic) **(ECF No. 63)**; and 6) Motion to Request Conference **(ECF No. 64)**. The Court will take them each in turn.

**1.  Motion to Request Mental and Physical Examination (ECF No. 59) and Motion for Court Appointed Expert/Motion for Funds for Professional Experts (ECF No. 60)**

In Plaintiff's Motion to Request Mental and Physical Examination, he seeks such an examination of himself to support his claims against Defendants. In his Motion for Court Appointed Expert/Motion for Funds for Professional Experts, Plaintiff asks the Court to appoint certain medical and mental health and other experts to again assist in the prosecution of this civil matter. Independent medical examinations pursuant to Fed. R. Civ.

1

P. 35 and the designation of expert witnesses are part of the discovery process. Plaintiff has been advised multiple times that any request for "[d]iscovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court ordered answer or response to the Complaint." See Court's Orders at ECF No. 7, 57, and 57. Although the Defendants associated with the Johnson County Board of Commissioners and Johnson County Sheriff have been served, no Defendant has filed an answer or other responsive pleading in this matter. Therefore, the Court **DENIES without prejudice** Plaintiff's Motion to Request Mental and Physical Examination **(ECF No. 59)** and Plaintiff's Motion for Court Appointed Expert/Motion for Funds for Professional Experts **(ECF No. 60)**, as premature.

2. **Motion for Initial Case Management (ECF No. 61)**

Here Plaintiff seeks a case management conference pursuant to Fed. R. Civ. P. 16. Again, Plaintiff's request is premature. The Court will schedule a Status Conference with the parties and/or their counsel after all Defendants have been served and provided the opportunity to respond to Plaintiff's Complaint, as necessary. Therefore, the Court **DENIES without prejudice** Plaintiff's Motion for Initial Case Management **(ECF No. 61)**, as premature.

3. **Motion to Expedite Discovery (ECF No. 62)**

Plaintiff, in his Motion to Expedite Discovery, seeks to begin discovery to ensure no there is no destruction of evidence. He alleges Defendants were given access to information allowing them to "cherry pick" evidence for inclusion in the *Martinez* report while denying him access to the information. He also alleges the parties have removed documents from his records. He requests production of his full medical records from

2

Defendant Vital Core Health Strategies as well as Olathe Mental Health, inmate records, and any file the Sheriff's Office regarding him.

Plaintiff has previously claimed Defendants were removing documents or "scrubbing" his records in his Emergency Motion to Seal and Preserve Electronically Recorded Data (ECF No. 14). In his Order denying Plaintiff's Motion, District Judge John W. Lungstrum found as follows:

> Each party to a lawsuit has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation. *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007). The duty is triggered by the filing of a lawsuit or when the party has notice that litigation is likely. *Id.* The destruction or loss of evidence can result in sanctions. *Id.* at 620-21. Therefore, an order directing a party to preserve relevant evidence is not necessary, especially where there is no evidence that spoilation has occurred. Here, Plaintiff thinks potential evidence may have been lost, but he has no proof supporting that belief. The motion is denied.

*Crump v. Unified Gov't of Johnson Co.*, No. 24-3036, 2024 WL 2017869, at *2 (D. Kan. May 7, 2024). Where the Defendants have a duty to preserve evidence and Plaintiff has provided no evidence that any documents have been removed from his records, the Court does not believe expedited discovery is necessary. Therefore, Plaintiff's Motion to Expedite Discovery **(ECF No. 62)** is **DENIED**.

### 4. Motion for Disposition (sic) (ECF No. 63)

In his Motion for Disposition (sic), Plaintiff seeks to take the deposition of Calvin Hayden. Plaintiff seeks to take Sheriff Hayden's deposition while still in office. He also submits certain interrogatories to Sheriff Hayden in his motion. Sheriff Hayden has been

sued in his individual capacity. His presence as a Defendant in this case is not dependent upon his position as Sheriff of Johnson County. He will continue as a party in this matter unless or until he is dismissed by order of the Court or he reaches a settlement agreement with Plaintiff and is voluntarily dismissed. The deposition of Sheriff Hayden and any written discovery to him can proceed once discovery is permitted. As the Court indicated above, "[d]iscovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court ordered answer or response to the Complaint." Therefore, the Court **DENIES without prejudice** Plaintiff's Motion for Disposition (sic) **(ECF No. 63)**, as premature.

### 5. Motion to Request a Conference (ECF No. 64)

Here Plaintiff seeks a Fed. R. Civ. P. 26(f) conference with Defendants Vital Core Health Strategies, the Johnson County Sheriff's Office, and the Johnson County Board of Commissioners to discuss possible settlement options and discovery issues. Certain proceedings are exempted from having a Rule 26(f) conference. Such exempted proceedings include "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" such as Plaintiff. *Fed. R. Civ. P. 26(f)*. Although the Court will not order Defendants to participate in a Rule 26(f) conference with Plaintiff, it will, as set forth above schedule a Status Conference with the parties and/or their counsel after all Defendants have been served and provided the opportunity to respond to Plaintiff's Complaint, as necessary. Therefore, the Court **DENIES** Plaintiff's Motion to Request a Conference **(ECF No. 64)**.

As set forth above, **IT IS THEREFORE ORDERED** Plaintiff's Motion to Request Mental and Physical Examination **(ECF No. 59),** Motion for Court Appointed Expert/Motion for Funds for Professional Experts **(ECF No. 60),** Motion for Initial Case Management **(ECF No. 61),** and Motion for Disposition (sic) **(ECF No. 63)** are all **DENIED without prejudice, as premature**. Plaintiff's Motion to Expedite Discovery **(ECF No. 62)** and Motion to Request Conference **(ECF No. 64)** are **DENIED**. Plaintiff is discouraged from continuing to file multiple motions, particularly motions seeking relief which the Court continues to find is premature.

**IT IS SO ORDERED.**

Dated December 20, 2024.

                                                            s/ Gwynne E. Birzer
                                                            GWYNNE E. BIRZER
                                                            U.S. Magistrate Judge