IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

        *Plaintiff,*

v.

        Case No. 24-3036-EFM

JOHNSON COUNTY BOARD OF
COMMISSIONERS, et al.,

        *Defendants.*

**MEMORANDUM AND ORDER**

Before the Court are two motions filed by Plaintiff, Steven Crump. The first is a Motion to Reconsider (Doc. 56) the Court's decision to dismiss Counts XII and XIII of his First Amended Complaint ("FAC"). The second is Plaintiff's "Motion to be Heard" (Doc. 75) in which he requests a status update on his Motion to Reconsider. For the reasons stated below, the Court denies both motions.

**I.    Factual and Procedural Background**

Plaintiff proceeds pro se and is currently incarcerated at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). The Court has discussed Plaintiff's claims in detail twice before and will not do so here. Largely, Plaintiff alleges he is disabled, severely injured, and has been mistreated in various ways by officials, staff, and contractors at JCADC.

Plaintiff filed his Complaint on March 13, 2024. Because he is a "prisoner seek[ing] redress from a governmental entity, [] officer, [and an] employee of a governmental entity," the Court

screened his Complaint.¹ Finding several deficiencies, on April 10, 2024, the Court ordered Plaintiff to show cause why his Complaint should not be dismissed. Eventually, Plaintiff was granted the opportunity to amend his Complaint. He did so and filed the FAC on August 23, 2024. Again, pursuant to 28 U.S.C. § 1915A, the Court screened the FAC, finding all but three of Plaintiff's 13 Counts survived the screening. The Court dismissed Counts VI, XII, and XIII for failing to state a claim upon which relief may be granted. On November 19, 2024, Plaintiff filed his Motion to Reconsider the Court's decision to dismiss Counts XII and XIII. On December 16, 2024, Plaintiff filed a "Motion to be Heard" in which he repeats the arguments presented in his Motion to Reconsider (albeit, more succinctly).

## II.     Legal Standard

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."² A pro se litigant is entitled to a liberal construction of his pleadings.³ However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."⁴

The Court has discretion whether to grant a motion to reconsider.⁵ The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."⁶ But "a district court has the inherent power to reconsider its interlocutory rulings."⁷ In reconsidering its prior rulings, the court

---

¹ 28 U.S.C. § 1915A(a).

² *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

³ *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

⁴ *Id.*

⁵ *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

⁶ *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

⁷ *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[8]

### III. Analysis

In Plaintiff's FAC, Count XII is a request for treble damages pursuant to 15 U.S.C. § 1117. The Court dismissed this Count because the cited statute deals with damages from trademark violations, which is wholly inapplicable to Plaintiff's allegations. In Plaintiff's Motion to Reconsider, he admits that he cited an inapplicable statute. Indeed, he asserts that he meant to cite Kansas's comparative negligence statute,[9] and two other Kansas statutes establishing damages limitations in personal injury suits.[10] But Plaintiff's attempt at corrective action does nothing to nudge his request for treble damages in Count XII across the line of stating a plausible claim upon which relief may be granted.[11]

Next, in the FAC, Count XIII requests "twice the amount of damages" because Defendants allegedly used their discretionary power to inflict permanent injury to Plaintiff. The Court dismissed Count XIII, finding that Plaintiff failed to base this claim on a constitutional right violation as required when one brings a claim under 42 U.S.C. § 1983. In his Motion to Reconsider, Plaintiff elaborates that Defendants violated his constitutional "right to adequate medical treatment" and his right to be protected from cruel and unusual punishment. He cites the Fourteenth Amendment as the source of these rights and reaffirms his request for double damages.

---

[8] *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[9] K.S.A. § 60-258a.

[10] K.S.A §§ 60-19a01, 60-19a02.

[11] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Had Plaintiff included this elaboration in the FAC, the Court likely would have dismissed Count XIII as duplicative with Count I. In Count I, Plaintiff brings deliberate-indifference-to-serious-medical-needs and cruel-and-unusual-punishment claims, and he asserts that both these rights are secured by the Fourteenth Amendment. Count I survived the Court's screening. "District courts have discretion to dismiss duplicative claims unless they address two separate wrongs."[12] Here, even if Count XIII did state a claim, it does not appear to address a separate wrong from that alleged in Count I. Accordingly, the Court finds dismissal of Count XIII appropriate.

Finding nothing in Plaintiff's motion that would cause the Court to believe it has misapprehended the facts, Plaintiff's position, or the controlling law, the Court declines to depart from its initial dismissal of Counts XII and XIII. Thus, the Court denies Plaintiff's Motion to Reconsider. In addition, because Plaintiff's Motion to Be Heard merely repeats his Motion to Reconsider arguments, the Court denies it as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (Doc. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Be Heard (Doc. 75) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 23rd day of January, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[12] *Thouvenell v. City of Pittsburg, Kan.*, 2018 WL 3068199, at *2 (D. Kan. Jun. 21, 2018) (citing *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1117 (10th Cir. 2004)).