**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| STEVEN CRUMP,<br><br>Plaintiff,<br><br>v.<br><br>UNIFIED GOVERNMENT<br>OF JOHNSON COUNTY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 24-3036-EFM-GEB |

**JOHNSON COUNTY DEFENDANTS'**
**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Johnson County Defendants submit this Reply in support of their Motion for Summary Judgment.

**A. Plaintiff has failed to comply with Local Rule 56.1.**

Local Rule 56.1(b) sets forth how a party opposing summary judgment must deal with the moving party's statement of materials facts and what happens if that does not occur:

> (1) A brief in opposition to a motion for summary judgment must begin with a section containing a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute must be numbered by paragraph, refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, state the number of movant's fact that is disputed.
>
> (2) If the party opposing summary judgment relies on any facts not contained in movant's brief, that party must set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above. All material facts set forth in this statement of the non-moving party will be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.

Subsection (d) also provides notice to a pro se litigant who opposes summary judgment on how to properly respond and the potential consequences for failing to comply with the Rules. This notice was served on Plaintiff [ECF 87, 91].

Despite being notified of his obligations to properly respond, Plaintiff did not address any of Johnson County Defendants' statement of facts. Accordingly, each of Johnson County Defendants' facts are deemed admitted for purposes of their summary judgment motion. Given there are no genuine disputes of the material facts Defendants rely on in support of their Motion, this Court should properly grant summary judgment.

This District has previously denied pro se parties' motions for summary judgment for not complying with Fed. R. Civ. P. 56 or D. Kan. R. 56.1. *See Shaw v. T-Mobile*, 2020 WL 5231309 (Sep. 2, 2020); *Wilson v. Skiles*, 2005 WL 466207 (Feb. 4, 2005); *Ellibee v. Posey*, 2005 WL 664043 (Jan. 11, 2005). Although courts must construe the substantive pleadings of pro se parties liberally, pro se litigants still must comply with the procedural rules or suffer the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants" (citation and internal quotation marks omitted)); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (explaining a party's pro se status "does not excuse the obligation ... to comply with the fundamental requirements of the Federal Rules of Civil ... Procedure"). This duty includes the court's local rules. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Elrod*, 2011 WL 6372881, at *6 & n.3 (explaining plaintiff's unsupported allegations did not constitute admissible evidence and that, on summary judgment, "[a]lthough the [c]ourt affords some leeway to pro se parties, it cannot merely overlook [p]laintiff's failure to state and oppose material facts in compliance with the local rules, and [p]laintiff's failure to submit admissible evidence....."). This Court should apply these same standards to Plaintiff's Response here.

**B. Plaintiff has not properly supported any additional facts.**

Controverted facts must be supported by reference to record evidence. *Singleton v. Bd. of Educ. USD 500*, 894 F. Supp. 386, 388 (D. Kan. 1995); *see also Berry v. City of Phillipsburg*, 796 F.Supp. 1400, 1403 (D. Kan. 1992); *Hampton v. Barclays Bank Delaware*, 478 F. Supp. 3d 1113, 1120 (D. Kan. 2020), *aff'd*, No. 20-3175, 2021 WL 3237082 (10th Cir. July 30, 2021) ("If the moving party satisfies its initial burden, the non-moving party 'may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.'")

Throughout Plaintiff's Response, he refers to several "facts" which he contends support denial of summary judgment. For example, Crump alleges that the Johnson County Defendants "refused to assist [him] with his severe injury" (ECF 152, p. 3); that his spine was "extremely disfigured and permanently damaged" (*Id.*, p. 4); that the Johnson County Defendants were "on notice that their actions were unconstitutional and yet still proceeded to cause immense suffering … all in the name of profit, money" (*Id.*, p. 5); that the Johnson County Defendants "were aware of the injuries, but denied treatment and failed to intervene on medical needs easily recognized by a lay person" (*Id.*, p. 6); and that Plaintiff was "an innocent inmate locked in isolation under immense physical and emotional suffering" (*Id.*, p. 8). "If the party opposing summary judgment relies on facts not contained in the movant's brief, that party *must* set forth each additional fact in a *separately numbered paragraph*, supported by references to the record. . . ." Local Rule 56.1(b)(1) (emphasis added). Here, Plaintiff's facts are not properly supported. Further, Plaintiff relies on several of his own statements, which have not been properly supported by a sworn or unsworn declaration. These "statements" should not be considered whatsoever. To further complicate matters, Plaintiff sprinkles facts within each of his arguments. This makes it difficult

for Defendants to adequately respond to each fact. The Court should either strike any additional "facts" in Plaintiff's response or disregard them.

**C. <u>Defendants are entitled to judgment.</u>**

**a. Plaintiff has not established facts to overcome qualified immunity.**

Plaintiff provides a threadbare assertion that Defendants are not entitled to qualified immunity, stating only that "[t]he individuals were on notice that their actions were unconstitutional yet still proceeded to cause immense injury and unnecessary emotional distress through malice and evil motivations." (ECF 152, p. 5).

To overcome a defense of qualified immunity, a plaintiff must allege that (1) defendants violated plaintiff's constitutional rights, and (2) those rights were clearly established at the time of the alleged violation. *Butler v. Bd. of Cnty. Commissioners for San Miguel Cnty*., 920 F.3d 651, 655 (10th Cir. 2019).

Plaintiff has not adequately alleged any facts which controvert Defendants' evidence establishing that there has been no constitutional violation. Plaintiff merely stating so does not meet the evidentiary burden required to overcome summary judgment. Accordingly, Defendants should be entitled to qualified immunity and granted judgment as a matter of law.

**b. Plaintiff has not established facts to support his claim for deliberate indifference.**

To properly support a deliberate indifference claim, a Plaintiff must establish that a prison official knows of and disregards excessive risk to an inmate's health or safety; must be aware of the arms from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. *Redmond v. Crowther*, 882 F.3d 927, 936 n.3 (10th Cir. 2018). Deliberate indifference describes a state of mind more blameworthy than negligence;

mere negligent conduct does not give rise to a deliberate indifference claim. *Id.* (*citing Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Plaintiff does not challenge the factual findings that Defendants provided Plaintiff with adequate medical treatment. Instead, Plaintiff merely cites case law that, he alleges, makes his case for him. *See* ECF 152, pp. 6-7. Plaintiff's reliance upon case law does not change the fact that Plaintiff has failed to controvert he received adequate medical attention as advised by medical professionals. Accordingly, Plaintiff has not provided any competent evidence to support his claim, and Defendants should be granted judgment as a matter of law as to his deliberate indifference claim.

**c. Plaintiff has not established facts to support his claim for cruel and unusual punishment.**

Plaintiff makes several allegations of cruel and unusual punishment within his response. For example, Plaintiff alleges that "Steven Crump was an innocent inmate locked in isolation under immense physical and emotional suffering." (ECF 152, p. 8). Plaintiff neither offers nor controverts any fact to support his allegations.

**i. Delay in Medical Treatment**

Plaintiff alleges that Defendant Hayden and Levin denied him "all forms of actual preventative and proactive treatment that would have adequately treated him." *Id.* Plaintiff neither offers nor controverts any fact to support this allegation. In fact, as Defendants' statement of uncontroverted material facts show, Plaintiff was provided treatment and seen by medical staff nearly 200 times. (ECF 84, ¶ 98). Plaintiff could have been seen by medical staff 62 other times but refused. *Id.* Further, Plaintiff received a suite of imaging and diagnostics to determine the condition of his injuries, and those studies did not find that Plaintiff had any injuries other than degenerative changes in his lumbar spine, with no significant stenosis. (*Id.*, Exh. A-61, *Medical*

*File 4/4/24 – 11/15/24*, p. 310). Medical staff, in response to such injuries, prescribed pain control treatment, upon which the Johnson County Defendants relied. (*Id*). Plaintiff cannot overcome summary judgment by merely denying the evidence. Plaintiff must point to evidence to controvert a fact and has wholly failed to do so.

Plaintiff alleges that his wheelchair was taken when it was "plainly obvious" that he needed it. (ECF 152, p. 8). Plaintiff neither offers nor controverts any fact to support this allegation. In fact, medical staff, on July 8, 2023, inquired with Plaintiff about returning his wheelchair voluntarily to leave medical segregation, to which Plaintiff agreed. (ECF 84, Exh. A-2, *JoCo Sheriff's Jail Log*, p. 3). Again, Plaintiff cannot overcome summary judgment by merely denying the evidence. Plaintiff must point to evidence to controvert a fact and has wholly failed to do so.

Plaintiff alleges that Defendant Bell refused to call an emergency code. (ECF 152, p. 9). Plaintiff neither offers nor controverts any fact to support this allegation. In fact, on March 20, 2024, Plaintiff was seen in medical on the same day that he alleged his chest pains, where medical staff were unable to reproduce any pain, or find any signs of any cardiac problems. (ECF 84, Exh. A-51, *Medical File 7/3/23 – 4/4/24*, pp. 62-64; Exh. A-49; Exh. A-51, p. 64). Plaintiff cannot overcome summary judgment by merely denying the evidence. Plaintiff must point to evidence to controvert a fact and has wholly failed to do so.

Plaintiff alleges that he was put in restraints, left in a cell for four hours "until he became paralyzed," denied him access to medical and a wheelchair, restricted his prescribed treatment of transport in a wheelchair, and used a belt restraint despite a recommendation from Dr. Stanton to do otherwise. (ECF 152, p. 9). Plaintiff neither offers nor controverts any fact to support these allegations. In fact, Dr. Stanton only stated that alternatives to the belt restraint be considered for

transport, if possible, but did not state that the usage would materially affect Plaintiff's health. (ECF 84, Exh. A-61, *Medical File 4/4/24 – 11/15/24*, pp. 310-311). Further, Plaintiff's demand for a wheelchair was for a distance of roughly 40 steps, to which Plaintiff was assisted by deputies. (*Id.*, Exh. A-60, *Staff Grievances*, p. 32). Medical staff determined that Plaintiff did not need a wheelchair. (*Id*). Plaintiff cannot overcome summary judgment by merely denying the evidence. Plaintiff must point to evidence to controvert a fact and has wholly failed to do so.

Plaintiff alleges that Defendants denied him medical transport and "accommodations for his disability, orders and recommendations from a doctor." (ECF 152, p. 9). Plaintiff further alleges that Defendants restrained him in a wheelchair, to fully restrain him despite his injuries, and dismissed Plaintiff's injuries. (*Id*). Plaintiff neither offers nor controverts any fact to support these allegations. Again, the use of a wheelchair was not ordered by medical staff, as it was determined that Plaintiff could move around with, at most, assistance from a cane. (ECF 84, Exh. A-15, *Medical File 7/3/23 – 4/4/24*, p. 20). Plaintiff cannot overcome summary judgment by merely denying the evidence. Plaintiff must point to evidence to controvert a fact and has wholly failed to do so.

**ii. Denying Walking Assistance and Back Brace**

Plaintiff alleges that Defendants' failure to provide Plaintiff with a wheelchair and back brace constituted deliberate indifference to his medical needs. (ECF 152, p. 10, ¶ 2). Plaintiff points to *Howard v. Groover*, 706 F. Supp. 3d 1090 (D. Nev. 2023) to allege that the "law was clearly established in 2022" that requiring him to walk to access medical treatment is a violation of the Fourteenth Amendment. (ECF 152, p. 10, ¶ 2). Putting aside that Plaintiff's proffered district court case law was not decided until December of 2023, rather than 2022, Plaintiff misstates the findings of that case. In *Howard*, the Nevada district court found that it is ***not*** a

violation of clearly established law to require an inmate to walk 150 feet to hand-deliver a grievance. *Howard*, 706 F. Supp. 3d at 1102. Even if evidence shows that an inmate has back pain, if it does not establish that the pain was so severe that the inmate could not walk, there is no violation. *Id.*

Plaintiff also cites *Scriven v. Corby*, No. 5:20-CV-03110-JAR-KGG, 2021 WL 2222682 (D. Kan. June 2, 2021), but this case is readily distinguishable. In *Scriven*, the Plaintiff, had "a number of physical disabilities that required medical implants, including a prosthetic right hip and right femur; a prosthetic pelvis with over twenty screws in each acetabulum; screws in the left sacroiliac joint; and pins and plates in the right ribs." *Id.* at *3. That case also had a different procedural posture, the court was analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), rather than a motion for summary judgment. *Id.* at *1. Ultimately, the Court found that when an inmate had severe physical disabilities, was subjected to intentional abuse, and then was wholly unable to walk, refusing immediate care could constitute deliberate indifference. *Id.* at *12. Unlike that case, Plaintiff had no prosthetics, no implants in his spine or pelvis, no screws, nor pins or plates. Plaintiff was not subjected to intentional abuse, and Plaintiff was ambulatory. Plaintiff pointing to this case, on its own, is not adequate to controvert the facts of Defendants' motion for summary judgment.

**iii. Fully Restraining Crump**

Plaintiff states that placing him in full restraints caused him extreme injury. (ECF 152, p. 12, § II(A)(C)). Plaintiff offers no evidence nor controverts any facts to support this contention. Plaintiff points to *Martin v. Bd. of Cnty. Comm'rs of Cnty. of Pueblo*, 909 F.2d 402, 406 (10th Cir. 1990) to allege that "failing to abide by medical orders with respect to handcuffing can result in constitutional violations." Plaintiff's analysis of the case is correct, but Plaintiff does not

controvert that, at no point, were there any medical orders restricting or prohibiting certain types of restraints. *See* ECF 84, Exh. A-61, pp. 310-311. Plaintiff also relies on *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1209 (10th Cir. 2008). Therein, the Tenth Circuit found that excessively tight handcuffing, which caused injury, violated a clearly established right. Again, even if Plaintiff's analysis is correct, Plaintiff offers no evidence or facts to support his contention that belt restraints or any other kind of restraint actually caused him to suffer any injury.

**iv. Forced to Live in Dirty Cell**

Plaintiff alleges that he was forced to live in a dirty cell for "5 months … where he caught periodontal disease, and his leg wound became septic and began to rot his flesh." (ECF 152, pp. 12-13, § II(A)(D)). Plaintiff offers no evidence to support this allegation, nor controverts any fact. In fact, Plaintiff complained about the conditions of his cell on two occasions: October 29, 2023 (ECF 84, Exh. A-2, *JoCo Sheriff's Jail Logs*, p. 11); and April 20, 2024 (*Id*, Exh. A-64, *JCADC Inmate Housing*). Plaintiff was moved to different cells immediately upon complaint. (*Id.*, Exh. A-2; A-64). Further, Plaintiff provides no evidence to suggest that the conditions of the cells had any impact on his health. Further, medical evaluations found that Plaintiff's calf injury had no signs of infection. (ECF 84, Exh. A-21, *Medical File 7/3/23 – 4/4/24*, p. 261).

**v. Denied Adequate Pain Medication**

Plaintiff alleges that the medication he received was inadequate for the pain that he was experiencing. (ECF 152, p. 13, § II(A)(E)). Plaintiff points to *Scriven v. VitalCore Health Strategies*, 5:22-cv-03282-EFM-RES, 2024 WL 1091372 (D. Kan. May 9, 2024) to contend that prescribing an over-the-counter medication instead of a stronger prescription drug could constitute deliberate indifference. ECF 152, p. 13, § II(A)(E). However, *Scriven* is readily distinguishable. In that case, a specialist prescribed Plaintiff Tramadol, to which the jail staff

denied, and instead offered ibuprofen or Tylenol. *Id.* at *1. Here, Plaintiff was given the treatment prescribed by medical staff, rather than a denial of a prescribed treatment in lieu of an over-the-counter medication. *See, e.g.*, ECF 84, ¶ 9 (Exh. A-8, *Medical File 7/3/23 – 4/4/24*, pp. 107-108); ¶ 31 (Exh. A-28, *Medical File 7/3/23 – 4/4/24*, p. 120, 121, 123-125); ¶ 41 (Exh. A-34, *Medical File 7/3/23 – 4/4/24*, pp. 128-129); ¶ 48 (Exh. A-43, *Medical File 7/3/23 – 4/4/24*, p. 136, 137-138; Exh. A-44, *Medical File 7/3/23 – 4/4/24*, p. 138); ¶ 49 (*Id.*, pp. 137-138); ¶ 75 (Exh. A-57, *Medical File 4/4/24 – 11/15/24*, p. 49); ¶ 91 (Exh. A-56, pp. 61-62); ¶ 95 (Exh. A-63, *Medical File 4/4/24 – 11/15/24*, p. pp. 63-64). Plaintiff has produced no evidence to establish that he was given inadequate medical treatment, that any Defendant gave him a treatment different than one prescribed, or that any defendant was indifferent to his medical needs.

**vi. Failing to Respond to Medical Emergencies**

Plaintiff again alleges that Defendants were deliberately indifferent in failing to respond to certain medical emergencies. (ECF 152, p. 13, § II(A)(F)). Plaintiff points to the March 20, 2024, incident, but as previously addressed, Plaintiff provides no evidence nor points to any facts to support the contention that the treatment that he received on the same day was inadequate. Plaintiff also, again, points to the June 3, 2024, date wherein he was required to walk—with the assistance of deputies—forty paces and then stay in a room for four hours while awaiting a court hearing. *Id.* Plaintiff alleges that he was somehow paralyzed by this incident but again provides no evidence of such. In fact, on August 7, 2024, at a medical appointment, Plaintiff was found to have no difficulty changing positions from standing to sitting, was experiencing no acute distress, and only had a mildly antalgic gait. (ECF 84, Exh. A-61, pp. 311-312). Plaintiff provides no evidence to controvert any of these facts.

Plaintiff provides no evidence to support any of the allegations made in his response. Accordingly, Plaintiff's arguments are wholly insufficient, and Defendants should be granted judgment as a matter of law.

**d. Plaintiff has not established facts to support his claim for *Monell* liability.**

Plaintiff attempts to establish *Monell* liability solely by establishing that VitalCore provided the medical services for JCADC. *See, e.g.*, ECF 152, pp. 14-16, § III. Plaintiff points to no specific conduct other than that JCADC contracted with VitalCore to provide medical services. As stated in Defendants' motion, a *Monell* claim cannot survive when there is no underlying constitutional violation. *Martinez v. Beggs*, 563 F.3d 1082, 1092 (10th Cir. 2009). Merely contracting with VitalCore has not violated any of Plaintiff's rights, and Plaintiff has failed to supply any evidence that the medical treatment he received was inadequate, or that any Defendant was deliberately indifferent to his medical needs. Simply put, Plaintiff has no evidence to support a claim for *Monell* liability. Accordingly, Defendants should be granted judgment as a matter of law as to Plaintiff's *Monell* claim.

**e. Plaintiff has not established facts to support his claim for supervisory liability.**

Plaintiff again attempts to argue that supervisory liability has been proven merely because the Johnson County defendants acted as gatekeepers to his medical treatment. However, again, Plaintiff supplies no facts or evidence to support the contention that any treatment he received was inadequate. (ECF 152, p. 17, § IV). Plaintiff alleges that he was "deprived of any adequate treatment for 18 months" for his spinal injury. *Id.* However, Plaintiff does not controvert any material fact which shows that Plaintiff was seen nearly 200 times for his various medical complaints, which included his back and spinal complaints. *See* ECF 84, § II, *generally*. Plaintiff's allegations to the contrary are wholly unsupported, and cannot, alone, serve as a basis

for relief in the face of uncontroverted evidence to the contrary. Accordingly, Defendants should be granted judgment as a matter of law to Plaintiff's superior liability claim.

**f. Plaintiff has not established facts to support his claim for First Amendment Retaliation.**

Plaintiff again attempts to rest upon his pleadings to establish that his First Amendment Retaliation claim has been established. (ECF 152, p. 25). Plaintiff supplies no facts or evidence to support the contention that any action was undertaken in response to his filing of a grievance. Plaintiff attempts to argue that his wheelchair was taken as a result of his complaints, but there is simply no evidence to support such a contention. Completely devoid of any supporting evidence, Plaintiff's allegations to the contrary cannot serve as a basis for overcoming summary judgment. Accordingly, Defendants should be granted judgment as a matter of law as to Plaintiff's First Amendment Retaliation claim.

**g. Plaintiff has not established facts to support awarding Punitive Damages.**

Plaintiff again attempts to allege the existence of reprehensible conduct by stating, without evidence, that he was "tortured." (ECF 152, p. 27). Plaintiff points to being "propel[ed] down a hallway," the use of a belt restraint, and being placed in a nonhandicap cell for "23 hours a day." (*Id.*, p. 28). Again, Plaintiff has no evidence to support any of these allegations. Plaintiff's arguments that any conduct was extreme or reprehensible are further undermined by the fact that Plaintiff cannot supply any facts to support a contention for any constitutional violation, ADA, or state law violation. Because Plaintiff's underlying claims are wholly unsupported by the evidence, no punitive damages can be awarded. Accordingly, Defendants should be granted judgment as a matter of law.

**h. Plaintiff has not established facts to support an ADA Violation.**

Plaintiff supplies no facts or evidence to defeat summary judgment on his ADA claim. Plaintiff alleges that the Defendants "refused to alter their medication and treatment procedures to accommodate him." (ECF 152, p. 32). However, Plaintiff supplies no facts to support this argument. In fact, Plaintiff received treatment for every complaint that he alleged and was visited by medical staff hundreds of times to determine the best treatment for him. Plaintiff cannot supply evidence to the contrary, because none exists. Accordingly, Plaintiff's arguments are wholly insufficient, and Defendants should be granted judgment as a matter of law.

**i. Plaintiff's state law claims remain barred.**

Plaintiff alleges that he sent a letter to the Board of County Commissioners and Defendant Hayden. (ECF 152, p. 38). Plaintiff provides no evidence to support this allegation. Defendants were not provided any notice of claim, let alone a notice of claim that substantially complies with K.S.A. 12-105b. Further, Plaintiff did not allege compliance in his Complaint, in violation of Fed. R. Civ. P. 9(c). Absent this condition precedent, neither this nor any other court has subject matter jurisdiction over Plaintiff's claims. They are, accordingly, barred.

## D. <u>CONCLUSION</u>

Plaintiff has failed to provide any evidence to support any of his allegations. Plaintiff has failed to controvert any fact within Defendants' statement of material facts. Rather, it is uncontroverted that Plaintiff received adequate medical treatment, and that no defendant was deliberately indifferent to Plaintiff's medical needs, retaliated against him, or failed to accommodate him. Finally, Plaintiff failed to allege compliance with K.S.A. 12-105b, barring his state law claims. Defendants request that this Court find that they are entitled to judgment as a matter of law on all of Plaintiff's claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ *Connor M. Russo*

Kirk T. Ridgway, KS No 17172
Connor M. Russo, KS No. 29826
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS 66210
(913) 339-6757; (f) (913) 660-7919
kridgway@fpsslaw.com
crusso@fpsslaw.com
*Attorneys for Johnson County Sheriff's Office Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2025, I electronically filed the foregoing reply with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Mr. Steven Crump stevencrumplaw@gmail.com
Mr. John Hicks jh@nkfirm.com
Ms. Sarah Wood swood@nkfirm.com

/s/ *Connor M. Russo*
Connor M. Russo