**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| STEVEN CRUMP,<br><br>Plaintiff,<br><br>v.<br><br>UNIFIED GOVERNMENT<br>OF JOHNSON COUNTY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 24-3036-EFM-GEB |

**JOHNSON COUNTY DEFENDANTS'**
**MOTION TO STRIKE PLAINTIFF'S UNSWORN, UNSIGNED AFFIDAVITS**

COME NOW Defendants Hayden, the Johnson County Board of Commissioners ("BOCC"), Deputy King, Deputy Salgado, Deputy Bell, Sgt. Cooley, Deputy Andrews, Captain M. Levin and Lt. M. Weaver ("Johnson County Defendants") and move the Court for an order striking Plaintiff's Affidavits (ECFs 140, 141, 142, 161 and 165) as failing to actually constitute an affidavit or comply with 28 U.S.C. 1746, lacking foundation for statements or its attachments, and failing to respond to or controvert the material facts set forth in the Johnson County Defendants' summary judgment proceedings.

## I. BACKGROUND

1. The Johnson County Defendants moved for summary judgment on January 22, 2025. (ECF 83, *Motion*; ECF 84, *Memo in Support*).

2. Mr. Crump filed a response in opposition (ECF 138) on February 24, 2025 and supporting affidavits (ECF 140, *Affidavit*, filed Feb. 24, 2025; ECF 141, *Affidavit* filed Feb. 25, 2025; ECF 142, *Affidavit* filed Feb 25, 2025). However, Crump's response was subsequently stricken from the record. (Doc. 143, *Order*).

3. Mr. Crump filed another response opposing summary judgment on March 3, 2025. (ECF 152, *Response to Summary Judgment*).

4. Mr. Crump filed another unsworn, unsigned affidavit on March 13, 2025, (ECF 161, *Affidavit*), in support of his response opposing summary judgment.

5. The Johnson County Defendants filed their reply in support of summary judgment on March 17, 2025, (ECF 164, *Reply in Support*), and the matter was fully briefed.

6. Mr. Crump filed another unsworn, unsigned affidavit on March 18, 2025, (ECF 165, *Affidavit*), in support of his response opposing summary judgment.

## II. ARGUMENTS AND AUTHORITIES

### A. "Affidavits," ECF 140, 141.

Where the Court struck Mr. Crump's underlying summary judgment response, ECF 138, these supporting affidavits are presumably struck as well. *See* Doc. 143, *Order*. Nevertheless, in an abundance of caution and for clarity of the record, the Johnson County Defendants move for an order striking these affidavits from the record. They should also be struck for the following reasons:

**1. Not Affidavits.** The affidavits should also be struck where: (i) Crump was not placed under oath by notary or other authorized official; (ii) there is no declaration that Mr. Crump swears to the truth of the statements contained therein; and (iii) Mr. Crump did not sign the affidavit. *Mallard v. Howard*, No. 22-4053-EFM, 2024 WL 726983, at *5 (D. Kan. Feb. 22, 2024) (at the summary judgment stage, counter-affidavits or declarations opposing defendants' motion for summary judgment must comply with 28 U.S.C. § 1746); *Leathers v. Leathers*, 2013 U.S. Dist. LEXIS 63484, at *9, 2013 WL 1873275 (D. Kan. May 3, 2013) (unsigned, unsworn declarations are not properly considered on summary judgment).

**2. Failure to Comply with Fed. R. Civ. P. 56(c)(4): Inadmissible Hearsay that Can't be Supported at Trial, and Lack of Authenticity.** The affidavits also fail where statements therein are inadmissible hearsay, the statements in the attachments are inadmissible hearsay-within-hearsay, and there is no showing that any of the statements or evidence *could be* presented in admissible form. Thus the affidavits and their referenced attachments are inadmissible and should not be considered in the pending summary judgment proceedings. *Garner v. Unified Gov't of Wyandotte Cnty./Kansas City, Kansas*, No. 2:21-CV-02154-EFM, 2022 WL 6099791, at *4 (D. Kan. Oct. 7, 2022) ("When a party submits a hearsay statement without any affidavit showing that the evidence will be presented in admissible form at trial, the court will not consider the statement at summary judgment.").

Further, they provide no authentication necessary for the admission of the attached documents that are referenced and addressed therein. This leaves all attachments inadmissible and unusable for summary judgment. *Taylor v. Principi*, 2004 U.S. Dist. LEXIS 2159, at *9, 2004 WL 303208 (D. Kan. Feb. 4, 2004) ("Documents filed are inadmissible when they are not accompanied by affidavits attesting to the validity of the documents. When such documents are offered without proper authentication, the Court should not consider them in its ruling."); *Bell v. City of Topeka, Kansas*, 496 F. Supp.2d 1182, 1185 (D. Kan. 2007) (party may properly authenticate a document through a supporting affidavit from anyone with *personal knowledge of the facts* contained in the exhibit; unauthenticated exhibits may not be considered by Court in summary judgment proceedings).[1]

**3. Affidavits Do Not Relate to, and Are Non-Responsive to Defendant's Summary Judgment Factual Record.** Both affidavits fail to comply with the mandatory

[1] To this end, the County Defendants hereby object to any of the attachments to these affidavits as well as the attachments to the subsequent affidavits, ECFs, 142, 161, and 165, all pursuant to Fed. R. Civ P. 56(c)(2).

requirements of Fed. R. Civ. P. 56(c)(1) and Local Rule 56.1(b). Crump fails to show where any of the statements or their attachments actually controvert the material facts laid out in the county defendants' summary judgment proceedings, or that they otherwise establish a genuine issue of material fact for trial. In short, the affidavits and the attachments fail to correspond or relate to the facts these defendants have established on the record to justify summary judgment. The affidavit statements don't even specify any claim or count in Mr. Crump's own amended complaint to which they support.

To the extent these documents and their attachments have not been effectively struck in light of the Court's Order striking his initial response, these two affidavits should be struck outright. While the Court typically does not strike supporting affidavits that fail to comply—instead simply disregarding non-compliant portions—there is simply no part of these affidavits which comply with mandatory federal rules. Cf., S*ellers v. Butler,* No. 02-3055-DJW, 2006 WL 2873470 at *2 (D. Kan. Oct. 5, 2006). Thus, the proper ruling is to strike these affidavits and attachments in their entirety.

**B. "Affidavit" ECF 142.**

This affidavit should be struck for the same primary reason as ECFs 140 and 141. Namely, the Court struck Crump's underlying summary judgment response, ECF 138, so this supporting affidavit is presumably struck as well. *See* Doc. 143, *Order*. Regardless, and like ECFs 140 and 141, this filing should also be struck for similar, additional reasons:

**1. Not an Affidavit.** The affidavit is not an affidavit: (i) Crump was not placed under oath by notary or other authorized official; (ii) there is no declaration that Mr. Crump swears to the truth of the statements contained therein; and (iii) Mr. Crump did not sign the affidavit. "An unsworn affidavit or declaration is invalid, inadmissible, and unable to be properly considered on

summary judgment. Consequently, the attachments [ . . . ] are also inadmissible because they are not accompanied by legitimate affidavits or declarations confirming their validity." *Mallard*, 2024 WL 726983, at *5 (D. Kan. Feb. 22, 2024) (citing, *Dodson Aviation, Inc. v. HLMP Aviation Corp.*, 2011 U.S. Dist. LEXIS 36063, at *29, 2011 WL 1234705 (D. Kan. Mar. 31, 2011); *Taylor v. Principi*, 2004 U.S. Dist. LEXIS 2159, at *9, 2004 WL 303208 (D. Kan. Feb. 4, 2004)("Documents filed are inadmissible when they are not accompanied by affidavits attesting to the validity of the documents. When such documents are offered without proper authentication, the Court should not consider them in its ruling.").

**2. The Affidavit Does Not Relate to, and is Non-Responsive to, Defendant's Summary Judgment Factual Record.** The affidavit fails to comply with the mandatory requirements of F.R.C.P. 56(c)(1) and Local Rule 56.1(b). It does not specify what these document are, whether the exhibits are from these Defendants' summary judgment record or elsewhere. It fails to show where any of the statements in this affidavit, or its attachments, actually controvert any specific material fact laid out in the county defendants' summary judgment record, or that they otherwise establish a genuine issue of material fact to oppose these defendants' summary judgment proceedings. *See* Fed. R. Civ. P. 56(c)(1). This affidavit and the attachments fail to correspond or relate to the material facts these defendants have established on the record to justify summary judgment. Like ECFs 140 and 141, this affidavit doesn't even specify any claim or count in Mr. Crump's own amended complaint to which it might relate or support. For these reasons—and to the extent these documents and their attachments have not been struck in light of the Court's Order striking his initial response—ECF 142 should be struck outright.

**C. "Affidavit," ECF 161.**

This document was filed ten days following Mr. Crump's response opposing summary judgment. It should be struck for the following reasons:

**1. Not an Affidavit.** The affidavit should also be struck where: (i) Crump was not placed under oath by notary or other authorized official; (ii) there is no declaration that Mr. Crump swears to the truth of the statements contained therein; and (iii) Mr. Crump did not sign the affidavit as required. The unsigned document is neither an affidavit nor an unsworn declaration and cannot be fairly considered in summary judgment proceedings. *Mallard*, 2024 WL 726983, at *5; *Elrod v. Walker*, No. 06-3115-SAC, 2011 WL 6372881, at *6 (D. Kan. Dec. 20, 2011), *aff'd*, 496 F. App'x 793 (10th Cir. 2012). It should be struck. The attached photographs should not be considered for summary judgment purposes either. *Taylor v. Principi*, 2004 U.S. Dist. LEXIS 2159, at *9, 2004 WL 303208 (D. Kan. Feb. 4, 2004) ("Documents filed are inadmissible when they are not accompanied by affidavits attesting to the validity of the documents. When such documents are offered without proper authentication, the Court should not consider them in its ruling.").

**2. Failure to Comply with Fed. R. Civ. P. 56(c)(4): Lack of Authenticity.** As with ECFs 140-42, this affidavit completely fails to authenticate the attached photographs. Crump fails to establish who took the photographs, when they were taken and who is in the photographs. This leaves all attachments inadmissible and unusable for summary judgment. *Bell*, 496 F. Supp.2d at 1185 (unauthenticated exhibits may not be considered by Court in summary judgment proceedings). As a result, the affidavit, the comments about the photos, and the photos themselves are unusable for summary judgment purposed and should be fairly struck from the record.

**3. Affidavits Do Not Relate to, and Are Non-Responsive to Defendant's Summary Judgment Factual Record.** The affidavit fails to comply with the mandatory requirements of F.R.C.P. 56(c)(1) and Local Rule 56.1(b). Mr. Crump fails to show where any of

the statements or their attachments actually controvert the facts laid out in the county defendants' summary judgment proceedings, or that they otherwise establish a genuine issue of material fact for trial. Defendants submit they do not. The affidavit and the attached photos fail to correspond or relate to the facts these defendants have established on the record to justify summary judgment. For these reasons, this affidavit, ECF 161, should be struck from the record.

**D. "Affidavit," ECF 165.**

This document was filed on March 18, 2024, fifteen days after Mr. Crump's response opposing summary judgment, and after the close of motion practice for the County Defendant's summary judgment proceedings. Mr. Crump should be fairly required to follow the rules of civil procedure and not permitted to file serial responses after these summary judgment proceedings have closed. The affidavit should be struck for this reason alone. It should also be struck as follows:

**1. Not an Affidavit.** The affidavit should also be struck where: (i) Crump was not placed under oath by notary or other authorized official; (ii) there is no declaration that Mr. Crump swears to the truth of the statements contained therein; and (iii) Mr. Crump did not sign the affidavit. *Mallard v. Howard*, No. 22-4053-EFM, 2024 WL 726983, at *5 (D. Kan. Feb. 22, 2024) (at the summary judgment stage, counter-affidavits or declarations opposing defendants' motion for summary judgment must comply with 28 U.S.C. § 1746); *Leathers v. Leathers*, 2013 U.S. Dist. LEXIS 63484, at *9, 2013 WL 1873275 (D. Kan. May 3, 2013) (unsigned, unsworn declarations are not properly considered on summary judgment).

**2. Failure to Comply with Fed. R. Civ. P. 56(c)(4); Lack of Authenticity.** As with ECFs 140-42, and 161, this affidavit fails to authenticate the accompanying attachments. It

doesn't even identify what the attachments are, or from where they came.[2] This leaves all attachments inadmissible and unusable for summary judgment. They should be struck from the record. *Taylor v. Principi*, 2004 U.S. Dist. LEXIS 2159, at *9, 2004 WL 303208 (D. Kan. Feb. 4, 2004) ("Documents filed are inadmissible when they are not accompanied by affidavits attesting to the validity of the documents. When such documents are offered without proper authentication, the Court should not consider them in its ruling."); *Bell*, 496 F. Supp.2d at 1185 (unauthenticated exhibits may not considered by Court in summary judgment proceedings).

**3. Affidavits Do Not Relate to, and Are Non-Responsive to Defendant's Summary Judgment Factual Record.** This affidavit also fails to comply with the mandatory requirements of Fed. R. Civ. P. 56(c)(1) and Local Rule 56.1(b). Crump fails to show where any of the statements or the accompanying exhibits controvert the material facts laid out in the county defendants' summary judgment proceedings, or that they otherwise establish a genuine issue of material fact for trial.

## III. CONCLUSION

Plaintiff's affidavits, ECFs 140-42, 161 and 165, along with their referenced or attached exhibits and documents should be struck as follows:

ECFs 140, 141, 142, 161 and 165 are unsworn, unsigned and lack a declaration as to the truth of the statements therein.

ECFs 140, 141: Any factual statements therein or in the attachments are inadmissible hearsay.

[2] To date, Mr. Crump has not served the County Defendants with this flash drive and these Defendants object to its use by the Court.

ECFs 140, 141, 161 and 165 fail to comply with Fed. R. Civ. P 56(c)(4) and completely fail to authenticate their exhibits or supporting documents.

ECFs 140-42, 161, and 165 completely fail to respond or relate to these Defendants' properly supported summary judgment records.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ *Kirk T. Ridgway*

Kirk T. Ridgway, KS No 17172
Connor M. Russo, KS No. 29826
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS 66210
(913) 339-6757; (f) (913) 660-7919
kridgway@fpsslaw.com
crusso@fpsslaw.com
*Attorneys for the Johnson County Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2025, I electronically filed the foregoing motion to strike with the Clerk of the District Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Mr. Steven Crump | stevencrumplaw@gmail.com |
| Mr. John Hicks | jh@nkfirm.com |
| Ms. Sarah Wood | swood@nkfirm.com |

/s/ *Kirk T. Ridgway*
Kirk T. Ridgway