IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

        *Plaintiff,*

v.

                                    Case No. 24-3036-EFM

JOHNSON COUNTY BOARD OF
COMMISSIONERS, et al.,

        *Defendants.*

**MEMORANDUM AND ORDER**

    Before the Court are three motions. The first is a Motion to Strike Plaintiff Steven Crump's Affidavits (Doc. 169) filed by the Johnson County Defendants, a group that includes the following named Defendants: Deputy Andrews, Deputy Bell, Sergeant Cooley, Sheriff Calvin Hayden, the Johnson County Board of Commissioners, Deputy King, Captain M. Levin, Deputy Salgado, and Lieutenant M. Weaver. The second is Plaintiff Steven Crump's Motion for Leave to Refile Affidavits (Doc. 171). And the third is Plaintiff Steven Crump's Motion for Clarification (Doc. 173). For the following reasons, the Court grants Defendants' Motion to Strike and Plaintiff's Motion for Leave to Refile. Hopeful that this Order clarifies Plaintiff's concerns, the Court denies Plaintiff's Motion for Clarification as moot.

    These motions arise in the context of Defendants' motion for summary judgment. Plaintiff filed his response opposing summary judgment and filed several documents he describes as

"affidavits" for the Court's consideration.[1] Defendants move to strike these "affidavits" arguing that they do not comply with the requirements of 28 U.S.C. § 1746.

Under 28 U.S.C. § 1746, a valid declaration must be made "under penalty of perjury, and dated, in substantially the following form: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).'" An unsworn affidavit or declaration is invalid, inadmissible, and unable to be properly considered on summary judgment.[2] Indeed, none of Plaintiff's affidavits contain similar language. As such, even if they were not stricken, they could not be considered by the Court.

Under Rule 12(f), a court may strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[3] Generally, motions to strike under Rule 12(f) are disfavored.[4] "The decision to grant a motion to strike lies within the court's discretion."[5] Here, because Plaintiff's affidavits are in the wrong form and could not be considered by the Court, they fit the definition of immaterial. As such, the Court acts within its discretion to strike them.

By filing his Motion for Leave to Refile, Plaintiff seems to recognize his error and anticipates the Court granting Defendants' motion. The Court grants his request to refile his

---

[1] These affidavits are Docs. 140, 141, 142, 161, and 165.

[2] *See Leathers v. Leathers*, 2013 WL 1873275, at *3 (D. Kan. May 3, 2013) (noting that unsigned, unsworn declarations are not properly considered on summary judgment); *Elrod v. Walker*, 2011 WL 6372881, at *6 (D. Kan. Dec. 20, 2011) (noting that undated, unnotarized "affidavits" are neither admissible nor proper declarations under penalty of perjury).

[3] Fed. R. Civ. P. 12(f).

[4] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).

[5] *Al-Jamily v. United States*, 2016 WL 6093703, at *2 (D. Kan. Oct. 19, 2016).

affidavits and evidence in the proper form so that it may be considered by the Court in deciding the motion for summary judgment.

Finally, the Court will briefly address Plaintiff's Motion for Clarification. The remaining named Defendants have also filed a motion for summary judgment. Plaintiff's Motion for Clarification asks the Court whether he must submit a second set of affidavits and evidence to respond to that motion for summary judgment. In accordance with Rule 56(c)(1), the Court will consider any facts supported by a citation to "particular parts of material in the record."[6] Thus, the Court will give due consideration to the parties' citations to affidavits and evidence in the record in deciding both motions for summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike (Doc. 169) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to for Leave to Refile (Doc. 171) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clarification (Doc. 173) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 3rd day of April, 2025

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Fed. R. Civ. P. 56(c)(1)(A).