IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP, )
)
*Plaintiff*, )
)
v. )            Case No. 24-3036-EFM-GEB
)
UNIFIED GOVERNMENT )
OF JOHNSON COUNTY, et al., )
)
*Defendants*. )

## JOHNSON COUNTY DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS AND NOTICE (ECF 183-14, 183-24 and 184)

Defendants Hayden, the Johnson County Board of Commissioners, Deputy King, Deputy Salgado, Deputy Bell, Sgt. Cooley, Deputy Andrews, Captain M. Levin and Lt. M. Weaver ("Defendants") move the Court for an order striking Plaintiff's Affidavits (ECF 183-14 and 183-34) as inadmissible, and Plaintiff's "Notice to the Court" (ECF 184) as unauthorized motion practice. In support of their motion, Defendants state as follows:

### I. BACKGROUND

Defendants moved for summary judgment on January 22, 2025. (ECF Nos. 83, 84). Plaintiff filed a response on March 3, 2025. (ECF 152). Defendants replied on March 17, 2025, and the matter was fully briefed.

With leave of Court, Mr. Crump timely filed affidavits on May 10, 2025 (ECF Nos. 182, and 183) along with a notice in which he generally blames Defendants and seeks discovery. (ECF 184).

Defendants now move to strike two attachments to these affidavits, namely 183-14 and 183-34; and the entirety of Plaintiff's notice (ECF 184).

## II.   ARGUMENTS AND AUTHORITIES

**Plaintiff's Supporting "Affidavits" (ECF 183-14 and 183-34) are inadmissible.**

Under Rule 56(c)(1)(A), a party is permitted to file affidavits in support of its position regarding a motion for summary judgment. However, "an unsigned affidavit ... does not constitute evidence" for these purposes. *Estrada v. Cook*, 166 F. Supp. 3d 1230, 1238 (D.N.M. 2015) (*citing Flemming v. Corr. Corp. of Am*., 143 Fed.Appx. 921, 925 n. 1 (10th Cir. 2005).

Unsworn affidavits may not be used as evidence either. *Elder–Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (affirming the exclusion of unsworn affidavits for summary judgment purposes). Even unsworn declarations must be signed under the penalty of perjury to have the same effect and force as an affidavit. *Id.* citing, 28 U.S.C. § 1746; *see also Elder–Keep*, 460 F.3d at 984; *Hamilton v. Century Concrete, Inc*., No. 06-2263-JWL, 2007 WL 2010938, at *2 (D. Kan. July 9, 2007) (unsigned affidavits may not be considered for purposes of summary judgment).

In this case, Plaintiff's filing, ECF 183, itemizes several documents, including affidavits, namely, Doc. 183-14 and 183-34.  These documents are deficient and should be struck.

**183-14, Affidavit.**  In 183-14, Plaintiff attempts to set out his medical history, including several exhibits to support his allegations. However, Plaintiff does not sign this affidavit, there is not notary acknowledgement, and there is no declaration as to the truth of the statements under penalty of perjury, as required by 28 U.S.C. § 1746. This document is simply not evidence. An unsigned, unsworn declaration cannot serve as a supporting basis for opposing summary judgment. Plaintiff is aware of these basic requirements, as they have been pointed out previously and he has had prior defective affidavits struck.  This affidavit should be stuck as well.

**183-34, Affidavit.** In 183-34, Mr. Crump sets out allegations about the conditions of his cell during his incarceration with the Sheriff. The affidavit purports to be signed by an inmate, Kain O'Keefe. However, there is no declaration as to the truth of the statements made under penalty of perjury, as required by 28 U.S.C. § 1746. Finally, there is no acknowledgement by a notary public confirming Mr. O'Keefe ever signed this document. This unsworn, unacknowledged affidavit cannot serve as evidence to support Crump's opposition to summary judgment. It should fairly be stricken from the record.

### Plaintiff's "Notice to the Court" (ECF 184)

Plaintiff was granted leave to file affidavits (ECF 180), not to file additional arguments and complaints aimed at defeating summary judgment. Plaintiff's "Notice to the Court," however, attempts to make additional arguments that are wholly outside the pleadings, based on facts not alleged in the complaint, and functionally attempts to argue against summary judgment based on his inability to sift through the documents provided to him by Defendants in their initial disclosures. This argument constitutes a wholly impermissible surreply, which should not be tolerated.

Under D. Kan. Local Rule 7.1, the rules of the Court do not provide for the filing of surreplies, *McShares, Inc. v. Barry*, 979 F.Supp. 1338, 1341 (D. Kan. 1997), and Plaintiff has not bothered to seek leave of the court. There is no justifiable basis for filing this notice and it should be struck.

### III.   CONCLUSION

Pro se litigants are required to follow the same rules as represented parties. *Requena v. Roberts*, 893 F.3d 1195, 1204 (10th Cir. 2018); *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). This case is no different. Plaintiff's supporting affidavits, 183-14 and 184-34 are

defective and inadmissible as they fail to contain basic evidentiary requirements. Plaintiff's "Notice to the Court" similarly constitutes an impermissible surreply for which he did not seek leave of court and for which no special circumstances exist. Defendants respectfully move for them to be stuck, along with such other and further relief as this Court deems just and equitable.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

  /s/ Connor M. Russo
Kirk T. Ridgway, KS No 17172
Connor M. Russo, KS No. 29826
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS 66210
(913) 339-6757; (f) (913) 660-7919
kridgway@fpsslaw.com
crusso@fpsslaw.com
*Attorneys for Johnson County Sheriff's Office Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, I electronically filed the foregoing reply with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Mr. Steven Crump | stevencrumplaw@gmail.com |
| Mr. John Hicks | jh@nkfirm.com |
| Ms. Sarah Wood | swood@nkfirm.com |

  /s/ Connor M. Russo
Connor M. Russo