IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

Plaintiff,

v. Case No. 24-3036-EFM

Unified Gov. of Jo. County, et al.,

Defendants.

PLAINTIFF'S DETAILED SUMMARY OF REBUTTAL TO ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS

**SUMMARY**

I. INTRODUCTION Plaintiff Steven Crump, proceeding pro se, moves the Court to reconsider its June 2, 2025 Order (Doc. 190), granting summary judgment to Defendants. Plaintiff argues that the ruling overlooks material factual disputes and improperly construes facts in favor of Defendants, contrary to Rule 56 standards. The Court's excessive reliance on procedural technicalities unfairly penalizes Crump, especially as a pro se litigant who presented evidentiary support that the Court failed to weigh meaningfully.

**II. FACTUAL REBUTTAL**

1. Improper Inference Favoring Defendants The Court deemed Defendants' statements uncontroverted due to Crump's noncompliance with Local Rule 56.1 formatting, even while admitting Plaintiff submitted supporting documentation. Pro se pleadings must be construed liberally. See Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

2. Deliberate Indifference to Medical Needs Plaintiff endured serious injuries, including a spinal wound and dog mauling, requiring extensive care. He alleges systemic delay in diagnostics and

effective pain management. Summary judgment is improper where facts are disputed. See Estelle v. Gamble, 429 U.S. 97 (1976).

3. Neglect of Back Injury Complaints X-rays for suspected spinal trauma were delayed nearly a month post-injury, despite ongoing symptoms. This supports a claim of deliberate indifference. See McGill v. Corr. Healthcare Cos., 944 F.3d 644 (6th Cir. 2019).

4. Pain Medication Denial Plaintiff's pleas for effective pain control were disregarded. He was denied narcotics and instead given over-the-counter medications that failed to relieve severe pain from multiple injuries. See Scriven v. VitalCore, LLC, No. 22-cv-2046 (D. Kan.), Doc. 102.

5. ADA Violations Dismissed for Short Duration Crump was denied mobility aids and reasonable accommodations. Defendants' position that ADA violations require prolonged denial is incorrect. See Clemons v. Dart, 168 F. Supp. 3d 1060 (N.D. Ill. 2016); Kiman v. N.H. Dep't of Corr., 451 F.3d 274 (1st Cir. 2006); Selenke v. Med. Imaging of Colo., 248 F.3d 1249 (10th Cir. 2001).

6. Cruel and Unusual Punishment Plaintiff's wheelchair was confiscated. He was restrained during transport for over 18 months despite severe physical ailments, resulting in suffering and missed legal proceedings. Recommended changes by a physician were ignored. See Hope v. Pelzer, 536 U.S. 730 (2002).

7. Monell Violations Ignored Crump maintains his claims meet the standards set in Monell v. Dep't of Social Services, 436 U.S. 658 (1978). Policies, customs, and deliberate indifference by policymakers support municipal liability. See also Connick v. Thompson, 563 U.S. 51 (2011); City of Canton v. Harris, 489 U.S. 378 (1989); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); Bryson v. City of Oklahoma City, 627 F.3d 784 (10th Cir. 2010).

8. Retaliation and Defamation Dismissed Crump outlines ongoing retaliation, verbal abuse, falsified reports, and systemic neglect of grievances. He claims these actions were intended to punish him for engaging in protected legal activity. See Smith v. Plati, 258 F.3d 1167 (10th Cir. 2001); Gee v. Pacheco, 627 F.3d 1178 (10th Cir. 2010); Poole v. Cnty. of Otero, 271 F.3d 955 (10th Cir. 2001).

## III. LEGAL ARGUMENT

1. Summary Judgment Standard Under Tolan v. Cotton, 572 U.S. 650 (2014), courts must view evidence favorably for the non-movant. Plaintiff's evidence raises material disputes regarding medical care, ADA access, and retaliation.

2. Rule 59(e)/60(b) Reconsideration Crump seeks relief under Servants of Paraclete v. Does, 204 F.3d 1005 (10th Cir. 2000) for clear errors of law, misapplication of facts, and undue procedural penalization of a pro se party.

## IV. REBUTTAL TO INDIVIDUAL COUNTS

**COUNT I** - Deliberate Indifference Kingsley v. Hendrickson, 576 U.S. 389 (2015) and Colbruno v. Kessler, 928 F.3d 1155 (10th Cir. 2019) set forth the applicable standards for pretrial detainees. Defendants' actions were objectively unreasonable and contrary to Estelle and McGill.

**COUNT II** - Cruel and Unusual Punishment Crump was denied basic safety and care, as described in Estelle and Colbruno. Restraints used violated Hope v. Pelzer and Kingsley.

**COUNT III** - Monell Liability Monell, Connick, Canton, Pembaur, and Bryson collectively establish that informal customs and ratification suffice to plead municipal liability.

**COUNT IV** - Supervisory Liability Supervisors failed to act on known risks, violating Dodds v. Richardson, 614 F.3d 1185 (10th Cir. 2010). Al-Turki v. Robinson, 762 F.3d 1188 (10th Cir. 2014) supports Plaintiff's position.

**COUNT V** - First Amendment Retaliation Crump meets all prongs of the retaliation test. See Smith, Gee, and Poole.

**COUNT VII** - Defamation Elements outlined in Hall v. Kan. Farm Bureau, 274 Kan. 263 (2002) are met. Factual disputes preclude summary judgment. See Lindemuth v. Goodyear Tire & Rubber Co., 19 Kan. App. 2d 95 (1993).

**COUNT VIII** - Punitive Damages Punitive damages are appropriate under Smith v. Wade, 461 U.S. 30 (1983); Searles v. Van Bebber, 251 F.3d 869 (10th Cir. 2001); Mitchell v. Maynard, 80 F.3d 1433 (10th Cir. 1996).

**COUNT IX** - ADA Violation Delayed accommodation violates ADA per Clemons, Kiman, Jaros v. Ill. Dep't of Corr., 684 F.3d 667 (7th Cir. 2012), and Selenke.

**COUNTS X and XI - IIED and Negligence** - KTCA compliance was met. VitalCore is not protected by KTCA. See City of Wichita v. Denton, 296 Kan. 244 (2013); Valadez v. Emmis Commc'ns, 290 Kan. 472 (2010). KDOC exhaustion rules do not apply. See Foster v. Maynard, 2023 WL 2728310 (D. Kan. 2023); Ross v. Blake, 578 U.S. 632 (2016).

**Qualified Immunity** - Qualified immunity is denied where rights are clearly established. See Harlow v. Fitzgerald, 457 U.S. 800 (1982); Martinez v. Beggs, 563 F.3d 1082 (10th Cir. 2009); Gee; Worrell v. Henry, 219 F.3d 1197 (10th Cir. 2000); Robertson v. Las Animas Cnty. Sheriff's Dep't, 500 F.3d 1185 (10th Cir. 2007); Richardson v. McKnight, 521 U.S. 399 (1997); Smith v. Cochran, 339 F.3d 1205 (10th Cir. 2003); Olsen v. Layton Hills Mall, 312 F.3d 1304 (10th Cir. 2002).

**CONCLUSION** - Plaintiff respectfully requests reconsideration of the Court's order and reinstatement of all dismissed claims. Material factual disputes remain unresolved. Plaintiff should be granted discovery and jury trial to evaluate his constitutional and statutory claims.

Respectfully submitted, Steven Crump- pro se

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

Plaintiff,

v.  Case No. 24-3036-EFM

Unified Gov. of Jo. County, et al.,

Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2025, a true and correct copy of this Summary and Rebuttal was served upon the following parties via electronic filing:

Johnson County Defendants – Kirk Ridgway VitalCore Defendants – John Hicks

/s/ Steven Crump Steven Crump stevencrumplaw@gmail.com

*Steven Crump Certifies this document is true and has SELF DELIVERED the MOTION, "PLAINTIFF'S REBUTTAL TO ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS"*

- **STEVEN CRUMP REQUESTED TO ADMIT THIS DOCUMENT WITHOUT A NOTARY.**

Submitted By,

Steven Crump

Signature: *Steven Crump*

StevenCrumpLaw@gmail.com