IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    *Plaintiff,*

v.

    Case No. 24-3036-EFM

JOHNSON COUNTY COURT OF
COMMISSIONERS, et al.,

    *Defendants.*

**MEMORANDUM AND ORDER**

Before the Court is pro se Plaintiff Steven Crump's Motion to Reconsider (Doc. 199) the Court's Order (Doc. 190) granting summary judgment against Plaintiff. The Court granted summary judgment in favor of the Johnson County Defendants—officials or employees associated with the Johnson County Adult Detention Facility (JCADC)—and the VitalCore Defendants—officials and employees with VitalCore Health Strategies.[1] For the reasons stated herein, the Court denies Plaintiff's motion.

    **I.**    **Factual and Procedural Background**

Plaintiff sustained a dog-bite injury and was struck in the spine with a less-lethal bean bag round during the course of his arrest. Plaintiff filed suit against Defendants broadly alleging that he was provided completely inadequate medical care for those injuries while he was confined at JCADC.

---

[1] VitalCore is the contracted health care provider for JCADC.

The Defendants that Plaintiff brought suit against can be divided into two categories: the Johnson County Defendants and the VitalCore Defendants. Both sets of Defendants filed Motions for Summary Judgment. As required by this Court's local rules, after filing their Motions for Summary Judgment, Defendants provided notice to Plaintiff as a pro se litigant regarding the procedure to effectively oppose a motion for summary judgment. Plaintiff filed responses in opposition to both motions. On June 2, 2025, this Court granted summary judgment in favor of all Defendants. In granting those motions, the Court found that Plaintiff failed to controvert Defendants' recitation of facts and failed to sufficiently support his own recitation of facts. As such, Plaintiff's claims could not survive summary judgment and the Court entered judgment in favor of all Defendants.

## II.    Legal Standard

The Court has discretion whether to grant a motion to reconsider.[2] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[3] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[4] A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[5] The court should alter or amend its judgment where the court has misapprehended the facts, the parties'

---

[2] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[3] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[4] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[5] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

positions, or the controlling law.[6] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[7] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[8]

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[9] A pro se litigant is entitled to a liberal construction of his pleadings.[10] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[11]

### III.   Analysis

Plaintiff asserts that the Court should reconsider its Order because it overlooked factual disputes, improperly construed the facts in favor of Defendants, and excessively relied upon procedural technicalities in rendering its judgment.

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[12] The Court found that Plaintiff failed to support his claims when it granted summary judgment in favor of Defendants. Plaintiff asserts that the Court did not view the evidence in the light most favorable to him as the nonmoving party. However, Plaintiff wholly failed to provide any evidence to show a genuine issue of material fact. As a pro se party, Plaintiff was provided notice of how to effectively oppose a motion for summary

---

[6] *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[7] *Voelkel*, 846 F. Supp. at 1483.

[8] *See Van Skiver*, 952 F.2d at 1243.

[9] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[10] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[11] *Id.*

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

judgment—specifically, by identifying controverted facts. Plaintiff did not do so. Rather, in opposing the motion for summary judgment, Plaintiff relied on broad claims of Defendants' wrongdoing. And in many instances, his assertions were contradicted by the evidence produced by Defendants. Claims without evidence are not enough to raise a genuine issue of material fact at the summary judgment stage.

Similarly, Plaintiff's motion to reconsider merely recites the same unsupported allegations from his Complaint and other filings. As noted above, a motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[13] Consequently, Plaintiff has provided this Court no reason to alter or amend its judgment.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Reconsider (Doc. 199) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of July, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[13] *Voelkel*, 846 F. Supp. at 1483.